FILED

JUN 29 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Villagran | ) | Case No. 04 C 3421 |
| | ) | |
| Plaintiff, | ) | Judge David Coar |
| | ) | |
| vs. | ) | |
| | ) | |
| Kenneth R. Ramsey, Sheriff of Kane County; Todd Exline, Chief of Corrections of Kane County Adult Correctional Center; Patrick Keaty, Commander of Operations of Kane County Adult Correctional Center; Wexford Health Sources, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Michael Villagran ("Villagran"), by his undersigned attorneys and for his First Amended Complaint against Defendants Kenneth R. Ramsey, Sheriff of Kane County ("Ramsey"), Todd Exline, Chief of Corrections of Kane County Adult Correctional Center ("Exline"), Patrick Keaty, Commander of Operations of Kane County Adult Correctional Center ("Keaty"), and Wexford Health Sources, Inc. ("Wexford") (collectively "Defendants"), states as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Eighth Amendment rights. Jurisdiction is therefore appropriate under 28 U.S.C. § 1331.

2. The claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper under 28 U.S.C. § 1391(b).

## PARTIES

3. At all relevant times, Villagran was an inmate in the Kane County Sheriff's Department.

4. At all relevant times Ramsey was the duly elected Sheriff of Kane County, Illinois, and is sued in his official capacity.

5. At all relevant times Exline was the Chief of Corrections at the Kane County Jail and was responsible for the well being of inmates at the Kane County Jail. Exline is sued in his individual capacity.

6. At all relevant times, Keaty was the Commander of Operations at the Kane County Jail and maintained custody and control of inmates at the Kane County Jail. Keaty is sued in his individual capacity.

7. At all relevant times, Wexford Health Sources Inc. contracted with Kane County to provide medical services to inmates and employees of the Kane County Jail.

8. At all relevant times, Defendants were acting under color of state law.

## FACTS

9. On or about August 17, 2003, Villagran was arrested for unlawfully discharging a firearm, and was placed in the Kane County Jail, under the custody and control of Ramsey, on August 18, 2003.

10. While incarcerated in the Kane County Jail, Villagran developed a serious skin infection on his left leg. This infection manifested itself through the presence of obvious visual symptoms, including weeping pustules, bleeding, swelling, and discoloration over a significant area of Villagran's leg. This infection also caused Villagran severe pain and discomfort.

11. When the infection first developed, Villagran made certain unidentified Kane County Sheriff's Deputies ("the Deputies") and certain unidentified medical personnel who were employees of Wexford ("the Medical Personnel") aware of his medical condition by showing the Deputies and the Medical Personnel the obvious visual symptoms of the infection and by describing the severe pain and discomfort he experienced as a result of the infection.

12. When the infection first developed, Villagran requested medical assistance from the Deputies and the Medical Personnel to treat the infection.

13. In response to his requests for medical assistance, Villagran was provided a topical cream to apply to the infection.

14. Villagran used the topical cream as instructed, but the infection continued to grow and fester.

15. Villagran's infection and associated symptoms continued over a period of several months while he was incarcerated in the Kane County Jail.

16. Over this period of several months, Villagran repeatedly told the Deputies and Medical Personnel that the topical cream was not providing relief from the infection and that he was still experiencing severe pain and discomfort from the infection, and showed the Deputies

and Medical Personnel that the obvious visual symptoms of the infection had not remitted as a result of using the topical cream.

17. Over this period of several months, Villagran repeatedly requested additional and alternative medical treatment for the infection.

18. Despite Villagran's requests for additional and alternative medical treatment, and despite the obvious visual indications that the infection was continuing to grow and fester after application of the topical cream, the Deputies and Medical Personnel refused to provide any medical assistance for Villagran's infection beyond the patently ineffective topical cream.

19. On or about March 11, 2004, Villagran was transferred to the McHenry County Jail.

20. Shortly after arriving in the McHenry County Jail, Villagran was taken to the Centegra Medical Center in Woodstock, Illinois for treatment of his infection.

21. While at Centegra Medical Center, Villagran was diagnosed with Cellulitis, a serious bacterial infection of the skin in which bacteria penetrates the skin, multiplies and produces chemicals under the skin which causes inflammation and irritation.

22. While at Centegra Medical Center, Villagran received intravenous antibiotics, was prescribed oral medication, and received other medical treatment for his infection. This treatment greatly alleviated, but did not entirely eliminate, Villagran's leg infection.

23. As a result of the Deputies' and the Medical Personnel's refusal to provide adequate medical treatment while Villagran was incarcerated in the Kane County Jail, Villagran

experienced severe pain and discomfort as a result of the infection for months longer than he would have if adequate medical treatment had been provided, and continues to experience some degree of pain and suffering to this day.

## COUNT I

24. The Plaintiff re-alleges paragraphs 1–23 as if fully set forth herein.

25. Defendants Exline and Keaty were ultimately responsible for ensuring Villagran's safety and well being during the time that he was incarcerated in the Kane County Jail. Based on this responsibility, it is reasonable to infer that Exline and Keaty were personally involved in the denial of adequate medical treatment to Villagran.

26. The above-described conduct demonstrates that Exline and Keaty were aware of Villagran's serious medical needs but exhibited a deliberate indifference to Villagran's serious medical needs in violation of Villagran's rights under the Eighth Amendment and 42 U.S.C. §1983.

27. As a direct and proximate result of Defendants' aforementioned deliberate indifference to Villagran's serious medical needs, Villagran suffered physical injury and anguish, endured cruel and unusual punishment and suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Michael Villagran, demands judgment against Defendants Todd Exline and Patrick Keaty for compensatory damages, punitive damages, the costs of this action and such other relief as the Court deems just and equitable.

## COUNT II

28. The Plaintiff re-alleges paragraphs 1–27 as if fully set forth herein.

29. Defendants Ramsey and Wexford violated Villagran's Eighth Amendment rights in that Ramsey and Wexford permitted and/or encouraged a culture and informal policy of deliberate indifference to serious medical needs of inmates of the Kane County Jail.

30. The aforementioned culture and informal policy of deliberate indifference to serious medical needs caused and contributed to the deliberate indifference the Deputies and the Medical Personnel exhibited to Villagran's serious medical needs, as described above.

31. As a direct and proximate result of the actions of Defendants Ramsey and Wexford, and as a direct and proximate result of the culture and informal policy of deliberate indifference to serious medical needs created thereby, Villagran suffered physical injury and anguish, endured cruel and unusual punishment and suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Michael Villagran, demands judgment against the Defendants Ramsey and Wexford for compensatory damages, punitive damages, the costs of this action and such other relief as the Court deems just and equitable.

LORD, BISSELL & BROOK LLP

P. Russell Perdew
Mark A. Bradford
Attorneys For Plaintiff
MICHAEL VILLAGRAN

P Russell Perdew
Mark A. Bradford
LORD, BISSELL & BROOK LLP
115 South LaSalle Street
Chicago, IL 60603
(312) 443-0700