**United States District Court**
**Northern District of Illinois**
**Eastern Division**

| | | |
|---|---|---|
| Michael Villagran,<br><br>Plaintiff,<br><br>v.<br><br>Kenneth Ramsey, Sheriff of Kane County; Todd Exline, Chief of Corrections of Kane County Adult Correctional Center; Patrick Keaty, Commander of Operations of Kane County Adult Correctional Center; Wexford Health Sources, Inc.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 04 C 3421<br><br>Judge David Coar<br><br>Magistrate Judge Cole |

FILED
AUG - 5 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Defendants' Ramsey, Exline, and Keaty's Rule 12(b)(6) Motion to Dismiss Complaint**

Now come defendants Ramsey, Exline, and Keaty, by their attorneys Kane County Assistant State's Attorney's Elizabeth Flood and Joseph Lulves, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court to dismiss this complaint against these defendants by way of a final and appealable order and support thereof state:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. 1983 for violations of the plaintiff's civil rights, specifically related to medical treatment while incarcerated at the Kane County Adult Correctional Facility during August of 2003. The First Amended Complaint, filed June 29, 2005, is attached as Exhibit A.

2. Defendant Ramsey is the Sheriff of Kane County and is sued in his official capacity only. Defendant Exline is the Kane County Chief of Corrections and is sued in

his individual capacity only. Defendant Keaty is the Kane County Correctional Facility Operations Commander and is sued in his individual capacity only.

**Legal Standard for a Motion to Dismiss**

3. A motion to dismiss under Federal Rule 12(b)(6) tests whether a plaintiff has properly stated a claim. While a court must assume that all well-pled allegations in a complaint are true, it need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir. 1977). Similarly, the court need not ignore facts set forth in the complaint that undermine the plaintiff's claim. *Thompson v. Farley,* 31 F.3d 557, 558-559 (7th Cir. 1994). A Rule 12(b)(6) motion should be granted where a complaint fails to state a cause of action upon which relief may be granted. *Corcoran v. Chicago Park Dist.,* 875 F.2d 609, 611 (7th Cir. 1989). While a party need not provide a detailed outline of the basis of the claim under Federal Rule of Civil Procedure 8, a complaint must still contain "either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984).

**Respondeat Superior Is Not A Permissible Theory of Liability**

4. Count I of the First Amended Complaint is against defendants Exline and Keaty solely based on their supervisory positions at the Correctional Facility, stating the basis of the claim to be "Based on this responsibility, it is reasonable to infer that Exline and Keaty were personally involved in the denial of adequate medical treatment to Villagran." First Amended Complaint, par. 25.

5. It is not reasonable to infer involvement based solely on a supervisory position in a section 1983 case because the use of a *respondeat superior* theory is unavailable in a section 1983 action. This legal theory has been directly addressed by the 7th Circuit. "Because [section] 1983 does not allow actions against individuals merely for their supervisory role of others," *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000), "individual liability under 42 U.S.C. [section] 1983 can only be based on a finding that the defendant caused the deprivation at issue." *Kelly v. Mun. Courts of Marion County,* 97 F.3d. 902, 909 (7th Cir. 1996). In addition to the element of deliberate indifference, [citation omitted], [section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003)(citations omitted). A plaintiff must show that the supervisor acquiesced in the violation and had actual knowledge of the risk and disregard the risk to incur liability. *Pallmer,* 327 F.3d at 594.

6. There are no allegations in the compliant directed at defendants Exline or Keaty beyond recitations of their status as supervisors.

7. The allegations of improper denial of medical care in the First Amended Complaint only refer to the actions of Deputies and Medical Personnel, not to any actions taken by Exline or Keaty. First Amended Complaint, par. 11, 16, 18, 23. To establish deliberate indifference on the part of defendants Exline and Keaty, requires a showing that they were aware of the substantial risk of harm to the plaintiff, but nevertheless failed to take the appropriate steps to protect him. The First Amended Complaint contains no such allegations.

**Defendants' Exline and Keaty Are Entitled to Qualified Immunity**

8. Defendants Exline and Keaty are entitled to qualified immunity on the allegations in the First Amended Complaint. Qualified immunity is available as a protection from suit as long as the officers' actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The burden is on the plaintiff to defeat the assertion of this defense. *Sparing v. Village of Olympia Fields,* 266 F.2d 684, 688 (7th Cir. 2001)(citations omitted).

9. The plaintiff in this case has made no allegations that defendants Exline and Keaty have engaged in any direct contact of any kind whatsoever with this plaintiff at any time, much less that any constitutional rights of the plaintiff have been impinged upon by any of their actions. The complaint in entirely lacking in the assertion of any actions by Exline and Keaty that rise to the level required for a constitutional violation, and is precisely the type of complaint that qualified immunity is intended to shield officials from the burden of defending.

**The Allegations Are Insufficient To Establish A Municipal Policy**

10. Count II of the First Amended Complaint, inter alia, alleges that Kane County Sheriff Kenneth Ramsey "encouraged a culture and informal policy of deliberate indifference to serious medical needs of inmates of the Kane County Jail." First Amended Complaint par. 29.

11. The entire First Amended Complaint is brought by Michael Villagran only and makes no reference or allegation concerning any other named inmates.

12. The entire First Amended Complaint is brought by Michael Villagran solely in regard to a single incident of infection in his leg, and the treatment thereof on several occasions by the Correctional Facility's deputies and medical staff.

13. "When a plaintiff chooses to challenge a municipality's unconstitutional policy by establishing a widespread practice, proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference. *Jackson v. Marion County,* 66 F.3d 151, 152 (7th Cir. 1995); *see also Tuttle,* 471 U.S. at 823-24 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."), *Palmer,* 327 F.3d at 596. *Also See Strauss v. City of Chicago,* 760 F.2d 765, 768-69 (7th Cir. 1985)(holding that complaints of unconstitutional activity standing alone do not establish pattern for section 1983 liability).

14. The single allegation encompassing isolated acts of medical treatment, by itself without any other allegations, is insufficient to establish the existence of a policy of deliberate indifference on the part of the Sheriff of Kane County. The reference in the complaint to a "culture and informal policy" is not supported by the single inmate, single infection, isolated instances of treatment, allegations contained on the face of the complaint, and the Court is not required to either strain to find favorable inferences or ignore the facts as related in the compliant.

15. Count II also requests punitive damages from the Kane County Sheriff, who is only sued in his official capacity as an elected government official. Local units of government are immune from punitive damages in a section 1983 case. *Newport v. Facts*

*Concerts, Inc.*, 453 U.S. 247 (1981). Sheriff Ramsey has not waived the immunity of his office and asserts that this portion of the claim should be dismissed as a consequence of this immunity.

WHEREFORE, defendants Ramsey, Exline, and Keaty pray that this Court grant their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Joseph Lulves
Assistant State's Attorney

100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6197008
S:\CIVIL\LULVES\Sheriff\Villagran\Motion12b6.doc

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Villagran<br><br>Plaintiff,<br><br>vs.<br><br>Kenneth R. Ramsey, Sheriff of Kane County; Todd Exline, Chief of Corrections of Kane County Adult Correctional Center; Patrick Keaty, Commander of Operations of Kane County Adult Correctional Center; Wexford Health Sources, Inc.,<br><br>Defendants. | Case No. 04 C 3421<br><br>Judge David Coar |

FILED
JUN 29 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**FIRST AMENDED COMPLAINT**

Plaintiff, Michael Villagran ("Villagran"), by his undersigned attorneys and for his First Amended Complaint against Defendants Kenneth R. Ramsey, Sheriff of Kane County ("Ramsey"), Todd Exline, Chief of Corrections of Kane County Adult Correctional Center ("Exline"), Patrick Keaty, Commander of Operations of Kane County Adult Correctional Center ("Keaty"), and Wexford Health Sources, Inc. ("Wexford") (collectively "Defendants"), states as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Eighth Amendment rights. Jurisdiction is therefore appropriate under 28 U.S.C. § 1331.

DEFENDANT'S
EXHIBIT
A

2. The claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper under 28 U.S.C. § 1391(b).

## PARTIES

3. At all relevant times, Villagran was an inmate in the Kane County Sheriff's Department.

4. At all relevant times Ramsey was the duly elected Sheriff of Kane County, Illinois, and is sued in his official capacity.

5. At all relevant times Exline was the Chief of Corrections at the Kane County Jail and was responsible for the well being of inmates at the Kane County Jail. Exline is sued in his individual capacity.

6. At all relevant times, Keaty was the Commander of Operations at the Kane County Jail and maintained custody and control of inmates at the Kane County Jail. Keaty is sued in his individual capacity.

7. At all relevant times, Wexford Health Sources Inc. contracted with Kane County to provide medical services to inmates and employees of the Kane County Jail.

8. At all relevant times, Defendants were acting under color of state law.

## FACTS

9. On or about August 17, 2003, Villagran was arrested for unlawfully discharging a firearm, and was placed in the Kane County Jail, under the custody and control of Ramsey, on August 18, 2003.

10. While incarcerated in the Kane County Jail, Villagran developed a serious skin infection on his left leg. This infection manifested itself through the presence of obvious visual symptoms, including weeping pustules, bleeding, swelling, and discoloration over a significant area of Villagran's leg. This infection also caused Villagran severe pain and discomfort.

11. When the infection first developed, Villagran made certain unidentified Kane County Sheriff's Deputies ("the Deputies") and certain unidentified medical personnel who were employees of Wexford ("the Medical Personnel") aware of his medical condition by showing the Deputies and the Medical Personnel the obvious visual symptoms of the infection and by describing the severe pain and discomfort he experienced as a result of the infection.

12. When the infection first developed, Villagran requested medical assistance from the Deputies and the Medical Personnel to treat the infection.

13. In response to his requests for medical assistance, Villagran was provided a topical cream to apply to the infection.

14. Villagran used the topical cream as instructed, but the infection continued to grow and fester.

15. Villagran's infection and associated symptoms continued over a period of several months while he was incarcerated in the Kane County Jail.

16. Over this period of several months, Villagran repeatedly told the Deputies and Medical Personnel that the topical cream was not providing relief from the infection and that he was still experiencing severe pain and discomfort from the infection, and showed the Deputies

and Medical Personnel that the obvious visual symptoms of the infection had not remitted as a result of using the topical cream.

17. Over this period of several months, Villagran repeatedly requested additional and alternative medical treatment for the infection.

18. Despite Villagran's requests for additional and alternative medical treatment, and despite the obvious visual indications that the infection was continuing to grow and fester after application of the topical cream, the Deputies and Medical Personnel refused to provide any medical assistance for Villagran's infection beyond the patently ineffective topical cream.

19. On or about March 11, 2004, Villagran was transferred to the McHenry County Jail.

20. Shortly after arriving in the McHenry County Jail, Villagran was taken to the Centegra Medical Center in Woodstock, Illinois for treatment of his infection.

21. While at Centegra Medical Center, Villagran was diagnosed with Cellulitis, a serious bacterial infection of the skin in which bacteria penetrates the skin, multiplies and produces chemicals under the skin which causes inflammation and irritation.

22. While at Centegra Medical Center, Villagran received intravenous antibiotics, was prescribed oral medication, and received other medical treatment for his infection. This treatment greatly alleviated, but did not entirely eliminate, Villagran's leg infection.

23. As a result of the Deputies' and the Medical Personnel's refusal to provide adequate medical treatment while Villagran was incarcerated in the Kane County Jail, Villagran

experienced severe pain and discomfort as a result of the infection for months longer than he would have if adequate medical treatment had been provided, and continues to experience some degree of pain and suffering to this day.

**COUNT I**

24. The Plaintiff re-alleges paragraphs 1–23 as if fully set forth herein.

25. Defendants Exline and Keaty were ultimately responsible for ensuring Villagran's safety and well being during the time that he was incarcerated in the Kane County Jail. Based on this responsibility, it is reasonable to infer that Exline and Keaty were personally involved in the denial of adequate medical treatment to Villagran.

26. The above-described conduct demonstrates that Exline and Keaty were aware of Villagran's serious medical needs but exhibited a deliberate indifference to Villagran's serious medical needs in violation of Villagran's rights under the Eighth Amendment and 42 U.S.C. §1983.

27. As a direct and proximate result of Defendants' aforementioned deliberate indifference to Villagran's serious medical needs, Villagran suffered physical injury and anguish, endured cruel and unusual punishment and suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Michael Villagran, demands judgment against Defendants Todd Exline and Patrick Keaty for compensatory damages, punitive damages, the costs of this action and such other relief as the Court deems just and equitable.

## COUNT II

28. The Plaintiff re-alleges paragraphs 1–27 as if fully set forth herein.

29. Defendants Ramsey and Wexford violated Villagran's Eighth Amendment rights in that Ramsey and Wexford permitted and/or encouraged a culture and informal policy of deliberate indifference to serious medical needs of inmates of the Kane County Jail.

30. The aforementioned culture and informal policy of deliberate indifference to serious medical needs caused and contributed to the deliberate indifference the Deputies and the Medical Personnel exhibited to Villagran's serious medical needs, as described above.

31. As a direct and proximate result of the actions of Defendants Ramsey and Wexford, and as a direct and proximate result of the culture and informal policy of deliberate indifference to serious medical needs created thereby, Villagran suffered physical injury and anguish, endured cruel and unusual punishment and suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Michael Villagran, demands judgment against the Defendants Ramsey and Wexford for compensatory damages, punitive damages, the costs of this action and such other relief as the Court deems just and equitable.

LORD, BISSELL & BROOK LLP

P. Russell Perdew
Mark A. Bradford
Attorneys For Plaintiff
MICHAEL VILLAGRAN

P Russell Perdew
Mark A. Bradford
LORD, BISSELL & BROOK LLP
115 South LaSalle Street
Chicago, IL 60603
(312) 443-0700