**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Villagran | ) | Case No. 1:04-cv-03421 |
| | ) | |
| Plaintiff, | ) | Judge David H. Coar |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Kenneth Ramsey, Sheriff of Kane County; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff MICHAEL VILLAGRAN ("Villagran") seeks redress under 42 U.S.C. § 1983 against Defendants KENNETH RAMSEY, SHERIFF OF KANE COUNTY ("Ramsey"), TODD EXLINE ("Exline"), PATRICK KEATY ("Keaty") and WEXFORD HEALTH SOURCES, INC. ("Wexford") for injuries he sustained as a result of the patently inadequate medical care he received while incarcerated as a pretrial detainee in the Kane County Jail. Defendants Ramsey, Exline, and Keaty have filed a motion to dismiss Villagran's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Villagran cannot state a claim upon which relief can be granted.[1] Defendants' motion to dismiss seeks to impose a heightened pleading burden upon Villagran, well beyond the requirements of the Federal Rules of Civil Procedure, and should be denied.

[1] Defendant Wexford also filed a Motion to Dismiss pursuant to Rule 12(b)(6), and this Motion was denied by the Court.

## **ALLEGATIONS OF COMPLAINT**

While an inmate in the Kane County Jail, Villagran developed a serious skin infection in his left leg. (Ex. A--Complaint, ¶10). Villagran exhibited open and obvious symptoms of a serious medical condition, including a swollen and discolored leg with bloody and weeping pustules. (Ex. A, ¶11). Villagran was only given a topical cream despite repeated requests for appropriate medical attention. (Ex. A, ¶¶11-18). As a result of the clearly inadequate medical care provided to Villagran, his infection continued to fester for several months, causing Villagran severe and unnecessary pain and suffering. (Ex. A, ¶¶11-18, 23). Shortly after being transferred to another facility, Villagran was taken to a hospital Emergency Room as a result of his leg infection, where he received intravenous antibiotics and other medication for what had become a serious leg infection. (Ex. A, ¶¶19-22). Villagran's leg infection then finally began to improve. (Ex. A, ¶22).

Villagran's Amended Complaint contains two counts, both of which seek relief under 42 U.S.C. §1983. Count I contains a § 1983 claim against Exline and Keaty, and alleges that Exline and Keaty had ultimate responsibility for ensuring Villagran's safety and well being during the time that he was incarcerated in the Kane County Jail. (Ex. A, ¶25). Count I of the Amended Complaint goes on to allege that, given Exline and Keaty's positions of responsibility within the Kane County Jail, it is reasonable to infer that Exline and Keaty were personally involved in the denial of adequate medical treatment to Villagran. (Ex. A, ¶25). Count I also alleges that Exline and Keaty's actions in denying Villagran adequate medical treatment constitute a deliberate indifference to Villagran's serious medical needs. (Ex. A, ¶26).

Count II of the Amended Complaint contains a § 1983 claim against Ramsey (in his official capacity). Count II alleges that Ramsey both permitted and/or encouraged a culture and

informal policy of deliberate indifference to the serious medical needs of inmates in the Kane County Jail. (Ex. A, ¶29). Count II goes on to allege that this culture and policy caused or contributed to both the denial of adequate medical care to Villagran and to Villagran's resulting injuries. (Ex. A, ¶¶30-31).

## ARGUMENT

### Pleading Standard

The standard in evaluating a motion to dismiss under Rule 12(b)(6) is well-established:

> Under the "notice pleading" standard of the Federal Rules, a motion to dismiss should not be granted unless "no relief could be granted under any set of facts that could be proved consistent with the allegations."

*Harris v. Mugarrab*, 1998 WL 246450, *3 (N.D. Ill. 1998) (Ex. B hereto), *citing Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The Seventh Circuit has repeatedly recognized that "a plaintiff in a suit in federal court need not plead facts; he can plead conclusions." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995); *see also Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Harris*, 1998 WL 246450, *3 ("The plaintiff may plead conclusions so long as the defendant has at least minimal notice of the claim.")

The law is also clear that no heightened pleading standard is imposed upon a prisoner in a civil rights case under §1983. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) ("there are no special pleading rules for prisoner civil rights cases") *citing, inter alia, Leatherman v. Tarrant County*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Harris v. Mugarrab*, 1998 WL 246450, *3 (N.D. Ill. 1998) ("There is no heightened standard of pleading.").

### Standard for Liability

Villagran's §1983 claim alleges that defendants violated the Eighth Amendment by providing inadequate medical care. To state a claim under this theory, Villagran must allege that

he suffered injuries as a result of defendants' "deliberate indifference" to Villagran's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Zentmeyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000); *Harris*, 1998 WL 246450, *4.

## I VILLAGRAN HAS STATED A CLAIM AGAINST EXLINE AND KEATY.

Villagran has put Defendants Exline and Keaty on notice of the nature of his claim by alleging that Exline and Keaty exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Indeed, Villagran has gone beyond the minimal notice pleading requirements of the federal rules by pleading specific facts in support of his allegations. Given the federal rules' liberal pleading standards, Exline and Keaty's motion to dismiss should be denied.

Defendants Exline and Keaty do not assert that Villagran has failed to adequately allege the elements of his claim. Rather, Exline and Keaty assert that Villagran's claim is inadequate because it is based in part on their supervisory capacities, and because they are entitled to qualified immunity. Both of these arguments should be rejected by this Court.

### A. Villagran Can State a Claim Against Exline and Keaty Based on their Supervisory Capacities.

Defendants correctly point out that *respondeat superior* liability is not available in a §1983 claim. Villagran, however, does not base his claims against Exline and Keaty on a theory of *respondeat superior*. Rather, Villagran alleges that Exline and Keaty were personally involved in the denial of adequate medical care to Villagran by alleging that their personal involvement can be reasonably inferred from their supervisory position and level of responsibility at the Kane County Jail. (Ex. A, ¶25). Although Defendants argue that Villagran does not adequately allege Exline and Keaty's personal involvement, Defendants' position in this regard has been squarely rejected by the Seventh Circuit.

In *Duncan v. Duckworth*, 644 F.2d 653 (7th Cir. 1981), the Seventh Circuit explicitly rejected the position taken by Defendants in this case, and reversed the trial court's decision to grant a motion to dismiss an inmate's §1983 claim for inadequate medical care. Plaintiff in *Duckworth* alleged that he received inadequate medical treatment while incarcerated, but he did not know the names of the specific employees who were directly involved in the provision of treatment to him. As a result, Plaintiff named the warden of the prison and the hospital administrator as defendants. *Duckworth*, 644 F.2d at 654. Defendants moved to dismiss the complaint, arguing that plaintiff did not adequately allege that the two defendants were directly involved in plaintiff's medical treatment. *Id.* at 655. Although the trial court granted the motion to dismiss, the Seventh Circuit reversed as to the hospital administrator, holding that where a prison inmate does not know the names of the individual employees who were directly involved in his medical care, the inmate would be permitted to name a supervisory official as a defendant. In so holding, the court held that the defendant's supervisory capacity justified the inference, at the pleading stage, that the defendant was personally involved in the alleged conduct:

> [W]e conclude that the district court erred in granting dismissal as to defendant Ronald Freake. His position as administrator of the prison hospital justifies the inference at this stage of the proceeding that he does bear some responsibility for the alleged misconduct. If he later disclaims knowledge and responsibility for the delay in treatment suffered by Duncan, he can readily identify those who were responsible.

*Id. See also, Stringer v. Thompson*, 537 F. Supp. 133 (1982) (denying motion to dismiss inmate's §1983 claim and holding that where inmate did not know the names of the individuals directly involved in the alleged conduct, the inmate could "nam[e] as defendants prison officials who, due to their position, justify the inference that they bear direct responsibility for the alleged misconduct."); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995) (citing

*Duckwoth* and holding that under the Prison Litigation Reform Act a prisoner's suit should not be dismissed as frivolous at the pleading stage for naming a supervisory prison official).

Villagran does not know the names of the individual guards and medical personnel with whom he interacted, so Villagran has named those supervisory officials whose position and level of responsibility justify the inference that they were involved in the denial of medical care. If Exline and Keaty later disclaim knowledge and responsibility for Villagran's unconstitutional treatment, Exline and Keaty can "readily identify those who were responsible." *Duncan*, 644 F.2d at 655.

Exline and Keaty cite a series of cases in which suits were dismissed against top level officials because the plaintiff failed to allege the direct involvement of the ultimately responsible person. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (dismissing Director of Indiana Department of Corrections); *Kelley v. Mun. Courts of Marion County*, 97 F.3d 902, 909 (7th Cir. 1996) (dismissing Chief Judge from suit brought against another judge). Those cases do not mention or discuss *Duckworth*. Unlike the plaintiff's in *Zimmerman* and *Kelley*, Villagran has not named the highest level official, Ramsey, in his individual capacity. Instead, he has named Exline, the Chief of Corrections, and Keaty, the Commander of Jail Operations. They are the individuals responsible for the day to day operation of the jail and the appropriate persons to be named under *Duckworth*.

Thus, Villagran has properly stated a claim against Exline and Keaty under *Duckworth*. Defendants' motion to dismiss should be denied so that Villagran can conduct discovery to determine the names of the individuals directly involved in the relevant conduct and, if necessary, amend his Complaint to add or substitute those individuals as defendants.

### B. Prison Officials Are Not Entitled to Qualified Immunity in Medical Treatment Cases.

Defendants also argue that Exline and Keaty are entitled to qualified immunity in this case. The Seventh Circuit has clearly held, however, that prison officials such as Exline and Keaty are not entitled to qualified immunity in a medical treatment case because the "deliberate indifference" standard is well established. *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999); *see also Board v. Farnham*, 394 F.3d 469, 481 (7th Cir. 2005) ("The law is clear that deliberate indifference to a serious medical condition is a violation of a clearly established constitutional right.") Given that the standard applicable to this case has been clearly established for some time, "defendants' claim of qualified immunity is frivolous." *Harris*, 1998 WL 246450, *4, n.3.

## II VILLAGRAN SUFFICIENTLY PLEAD AN INFORMAL POLICY AND CUSTOM OF DELIBERATE INDIFFERENCE.

Count II of Villagran's Amended Complaint is against Ramsey in his official capacity as Sheriff of Kane County, and alleges that Ramsey permitted an informal policy and culture of deliberate indifference to exist at the Kane County Jail. (Ex. A, ¶29). Defendants claim that Count II does not sufficiently allege the existence of a policy because the Amended Complaint does not specifically describe other instances of misconduct. (Motion to Dismiss, ¶¶12-14). Again, Defendants are attempting to impose a fact-pleading standard, which is inconsistent with the liberal pleading requirements imposed by the federal rules.

As noted above, Villagran need not plead facts or evidence to survive a 12(b)(6) motion to dismiss. Rather, Villagran can allege legal conclusions so long as the Amended Complaint is sufficient to put Defendants on notice of the nature of Villagran's claim against them. *See Leatherman v. Tarrant County*, 507 U.S. 163, 167-168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). In *Leatherman*, the Supreme Court reversed the granting of a 12(b)(6) motion to dismiss where

the plaintiff had filed a §1983 claim against a municipality, alleging that the plaintiff was injured by the municipality's unconstitutional policy. The defendants in *Leatherman* argued, as Defendants argue here, that "[t]o establish municipal liability under §1983. . ., a plaintiff must do more than plead a single instance of misconduct." *Leatherman*, 507 U.S. at 167. The Supreme Court rejected this position, holding that "[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Id.* at 168, *citing Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also*, *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) (reversing dismissal of §1983 claim against municipality and noting that "[i]n *Leatherman*, the Supreme Court reminded us that the Federal Rules of Civil Procedure, as currently formulated, do not permit the courts to dismiss §1983 municipal liability claims for lack of factual specificity under Rule 12(b)(6)"); *cf. Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (holding that in § 1983 suit "there is no requirement . . . of pleading the facts or the elements of a claim").

Indeed, the fallacy of Defendants' position is demonstrated by one of the very cases upon which Defendants rely, *Jackson v. Marion County*, 66 F.3d 151. The plaintiff in *Jackson* filed a §1983 claim against a municipality, alleging that an unconstitutional policy of the municipality caused plaintiff's injuries, the defendants moved to dismiss for failure to state a claim, and the trial court granted the motion. Although the Seventh Circuit ultimately affirmed the dismissal for other reasons in an unpublished portion of its opinion, it held that the trial court erroneously dismissed the complaint for failure to state a claim. In so holding, the court in *Jackson* noted that "*Leatherman* makes clear that the federal courts are not to interpolate a requirement of fact pleading into the federal rules," and held that "a plaintiff in a federal suit need not plead facts; he can plead conclusions." *Jackson*, 66 F.3d at 153.

Defendants rely upon an inapplicable quotation from *Jackson* in which the court discusses the ***evidentiary*** standard that applies to a §1983 claim alleging a unconstitutional policy, i.e., what a plaintiff must ***prove*** to establish the existence of an unconstitutional policy. While such a standard may be applicable at summary judgment or at trial, Defendants' quotation from *Jackson* simply has no application to what a plaintiff must ***plead*** to survive a Rule 12(b)(6) motion to dismiss.

The remaining cases cited by Defendants are similarly distinguishable. Both *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) and *Palmer v. Marion County*, 317 F.3d 588 (7th Cir. 2002) addressed the sufficiency of evidence in a §1983 case, and did not discuss, in any way, what a plaintiff must plead to survive a Rule 12(b)(6) motion to dismiss. Although *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985) involved a 12(b)(6) motion to dismiss, *Strauss* was decided before *Leatherman*, *McCormick*, and *Jackson*, discussed above, and improperly applied a fact-pleading standard in determining whether plaintiff's complaint stated a claim, e.g., "We affirm the lower court's dismissal of Strauss's complaint for failure to state a claim because he has alleged no facts to suggest that the policies of which he complains actually exist." *Strauss*, 760 F.2d at 767. *Strauss* is thus in clear conflict with subsequent decisions of the U.S. Supreme Court and Seventh Circuit, and should be disregarded.

Villagran need not plead facts in support of his allegations at this time, but need only plead legal conclusions so as to provide Ramsey with notice of the nature of the claims against him. Villagran alleges that Ramsey is liable for Villagran's injuries because the denial of adequate medical care to Villagran was caused by an informal policy or culture that existed within the Kane County Jail. The allegations contained within Count II provide Ramsey with

sufficient notice of Villagran's claims against him.  For this reason, Defendants' Motion to Dismiss Count II must be denied.

**Conclusion**

For the foregoing reasons, Villagran requests that the Court deny Defendants' motion to dismiss in its entirety.

s/ P. Russell Perdew
P. Russell Perdew
Mark A. Bradford
LORD, BISSELL & BROOK, LLP
Attorneys for Plaintiff
Michael Villagran

Lord, Bissell & Brook LLP
115 South LaSalle Street
Chicago, Illinois 60603
(312) 443-0700

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2005, I electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Michael John Charysh
Charysh & Schroeder, Ltd.
33 North Dearborn Street
Suite 1300
Chicago, IL 60602

Joseph F Lulves
Kane County State's Attorney's Office
100 South Third Street
Fourth Floor
Geneva, IL 60134

s/ P. Russell Perdew
P. Russell Perdew