**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Villagran<br><br>Plaintiff,<br><br>v.<br><br>Dr. Evaristo Aguinaldo; Eileen Cestone; Bonny Eller; Marlys Knepper; Louise Peach; Kenneth R. Ramsey, Sheriff of Kane County; Lillian Villamil; Wexford Health Sources, Inc.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 04 C 3421<br><br>Judge David Coar<br><br>Magistrate Judge Jeffrey Cole |

# SECOND AMENDED COMPLAINT

Plaintiff, Michael Villagran ("Villagran"), by his undersigned attorneys and for his Second Amended Complaint against Defendants Dr. Evaristo Aguinaldo ("Aguinaldo"), Eileen Cestone ("Cestone"), Bonny Eller ("Eller"), Marlys Knepper ("Knepper"), Louise Peach ("Peach"), Lillian Villamil ("Villamil") (the foregoing individual defendants shall collectively be referred to as "the Medical Personnel"), Kenneth R. Ramsey, Sheriff of Kane County ("Ramsey") and Wexford Health Sources, Inc. ("Wexford") (Ramsey, Wexford, and the Individual Defendants shall collectively be referred to as "Defendants"), states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's Eighth and Fourteenth Amendment rights. Jurisdiction is therefore appropriate under 28 U.S.C. § 1331.

2. The claims asserted herein arose in the Northern District of Illinois, and venue is therefore proper under 28 U.S.C. § 1391(b).

## PARTIES

3. At all relevant times, Villagran was an inmate in the Kane County Jail in Kane County, Illinois, which is a facility owned and operated by the Kane County Sheriff.

4. At all relevant times, Ramsey was the duly elected Sheriff of Kane County, Illinois, and is sued in his official capacity.

5. At all relevant times, Wexford contracted with Kane County to provide medical services to inmates and employees of the Kane County Jail.

6. At all relevant times, Aguinaldo was a physician licensed by the State of Illinois and employed by Wexford to provide medical care to inmates residing in the Kane County Jail in Kane County, Illinois.

7. At all relevant times, Cestone was a nurse licensed by the State of Illinois and employed by Wexford to provide medical care to inmates residing in the Kane County Jail in Kane County, Illinois.

8. At all relevant times, Eller was a nurse licensed by the State of Illinois and employed by Wexford to provide medical care to inmates residing in the Kane County Jail in Kane County, Illinois.

9. At all relevant times, Knepper was a nurse licensed by the State of Illinois and employed by Wexford to provide medical care to inmates residing in the Kane County Jail in Kane County, Illinois.

10. At all relevant times, Peach was a nurse licensed by the State of Illinois and employed by Wexford to provide medical care to inmates residing in the Kane County Jail in Kane County, Illinois.

11. At all relevant times, Villamil was a nurse licensed by the State of Illinois and employed by Wexford to provide medical care to inmates residing in the Kane County Jail in Kane County, Illinois.

12. At all relevant times, the Medical Personnel were employed and practiced medicine in the State of Illinois. This case arises out of actions taken by the Medical Personnel in the State of Illinois.

13. At all relevant times, Wexford was doing business in the State of Illinois, and this case arises out of business transacted by Wexford and its employees in the State of Illinois.

14. At all relevant times, Defendants were acting under color of state law.

## FACTS

15. On or about August 18, 2003, Villagran was placed in the Kane County Jail, under the custody and control of Ramsey, after having been arrested on August 17, 2003.

16. While incarcerated in the Kane County Jail, Villagran developed a serious skin infection on his left leg. This infection manifested itself through the presence of obvious visual symptoms, including weeping pustules, bleeding, swelling, and discoloration over a significant area of Villagran’s leg. This infection also caused Villagran severe pain and discomfort.

17. Villagran made the Medical Personnel aware of his medical condition by showing the Medical Personnel the obvious visual symptoms of the infection and by describing the severe pain and discomfort he experienced as a result of the infection.

18. Villagran requested medical assistance from the Medical Personnel to treat the infection.

19. In response to his requests for medical assistance, Villagran was provided a topical cream to apply to the infection.

20. Villagran used the topical cream as instructed, but the infection continued to grow and fester.

21. Villagran's infection and associated symptoms continued over a period of several months while he was incarcerated in the Kane County Jail.

22. Over this period of several months, Villagran repeatedly told the Medical Personnel that the topical cream was not providing relief from the infection and that he was still experiencing severe pain and discomfort from the infection, and showed the Medical Personnel that the obvious visual symptoms of the infection had not remitted as a result of using the topical cream.

23. Over this period of several months, Villagran repeatedly asked the Medical Personnel for additional and alternative medical treatment for the infection.

24. Despite Villagran's requests for additional and alternative medical treatment, and despite the obvious visual indications that the infection was continuing to grow and fester after

application of the topical cream, the Medical Personnel refused to provide any medical assistance for Villagran's infection beyond the patently ineffective topical cream.

25. In March 2004, Villagran was taken to Centegra Medical Center.

26. While at Centegra Medical Center, Villagran was diagnosed with Cellulitis, a serious bacterial infection of the skin in which bacteria penetrates the skin, multiplies and produces chemicals under the skin which causes inflammation and irritation.

27. As a result of the Medical Personnel's refusal to provide adequate medical treatment while Villagran was incarcerated in the Kane County Jail, Villagran experienced severe pain and discomfort as a result of the infection for months longer than he would have if adequate medical treatment had been provided, and continues to experience some degree of pain and suffering to this day.

## COUNT I (THE MEDICAL PERSONNEL)

28. The Plaintiff re-alleges paragraphs 1–25 as if fully set forth herein.

29. The Medical Personnel were responsible for ensuring Villagran's medical health and well-being during the time that he was incarcerated in the Kane County Jail.

30. The above-described conduct demonstrates that the Medical Personnel were aware of Villagran's serious medical needs but exhibited a deliberate indifference to Villagran's serious medical needs in violation of Villagran's rights under the Eighth and Fourteenth Amendments and 42 U.S.C. §1983.

31. As a direct and proximate result of Defendants' aforementioned deliberate indifference to Villagran's serious medical needs, Villagran suffered physical injury and anguish, endured cruel and unusual punishment and suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Michael Villagran, demands judgment against Defendants Dr. Evaristo Aguinaldo, Eileen Cestone, Bonnie Eller, Marla Knepper, Louise Peach and Lillian Villamil for compensatory damages, punitive damages, the costs of this action, attorneys fees and such other relief as the Court deems just and equitable.

**COUNT II (RAMSEY AND WEXFORD)**

32. The Plaintiff re-alleges paragraphs 1–29 as if fully set forth herein.

33. Defendants Ramsey and Wexford violated Villagran's Eighth and Fourteenth Amendment rights in that Ramsey and Wexford permitted and/or encouraged a culture and informal policy of deliberate indifference to serious medical needs of inmates of the Kane County Jail.

34. The aforementioned culture and informal policy of deliberate indifference to serious medical needs caused and contributed to the deliberate indifference the Medical Personnel exhibited to Villagran's serious medical needs, as described above.

35. As a direct and proximate result of the actions of Defendants Ramsey and Wexford, and as a direct and proximate result of the culture and informal policy of deliberate indifference to serious medical needs created thereby, Villagran suffered physical injury and

anguish, endured cruel and unusual punishment and suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Michael Villagran, demands judgment against the Defendants Ramsey and Wexford for compensatory damages, punitive damages, the costs of this action, attorneys' fees and such other relief as the Court deems just and equitable.

LORD, BISSELL & BROOK LLP

____________/s/ Mark A. Bradford______
P. Russell Perdew
Mark A. Bradford
Attorneys For Plaintiff
MICHAEL VILLAGRAN

P Russell Perdew
Mark A. Bradford
LORD, BISSELL & BROOK LLP
115 South LaSalle Street
Chicago, IL 60603
(312) 443-0700

## CERTIFICATE OF SERVICE

I, Mark A. Bradford, an attorney, hereby certify that I caused the foregoing Second Amended Complaint to be filed with the Court's CM/ECF system on this 23rd day of February, 2006.

Rick Tjepkema, Esq.
Charysh & Schroeder, Ltd.
33 North Dearborn Street, Suite 1300
Chicago, Illinois 60602

Joseph Lulves
Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134

________/s/ Mark A. Bradford________
Mark A. Bradford